IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS

| | | |
|---|---|---|
| JENNIFER CARRADINE, on behalf of herself and others similarly situated, | § § § | CIVIL ACTION NO. 6:19-cv-06056-SOH |
| *Plaintiff*, | § § | |
| | § | JURY TRIAL DEMANDED |
| v. | § § | |
| MONOLITH PROPERTIES CORP. d/b/a PARK HOTEL OF HOT SPRINGS, and JOANN PRIVITELLO | § § § § | COLLECTIVE ACTION |
| | § | |
| *Defendants.* | | |

## COLLECTIVE ACTION COMPLAINT

1.     Monolith Properties Corp. doing business as Park Hotel of Hot Springs ("Monolith"), a historic hotel and restaurant operation in Hot Springs, Arkansas and Joann Privitello ("Privitello") (collectively hereinafter "Defendants") violated the Fair Labor Standards Act ("FLSA") by forcing Plaintiff Jennifer Carradine ("Plaintiff") and similarly situated workers, to work a substantial amount of overtime without properly paying all compensation due, thus depriving them of rightful compensation for their work that Defendants are legally obligated to pay.

2.     Plaintiff worked for Defendants as a hotel clerk and was damaged by those illegal policies or practices.  In short, Plaintiff was denied the timely overtime compensation she was due under the FLSA.  Plaintiff brings this lawsuit on behalf of herself and all others similarly situated current or former hotel clerks, including but not limited to, front desk clerks, cleaners, and maintenance workers, to recover unpaid wages and overtime compensation, liquidated damages, attorneys' fees, and costs owed to her individually and on behalf of other similarly situated individuals.

1

## I.   JURISDICTION AND VENUE

3. This Court has original subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff's claims arise under federal law, namely the FLSA, 29 U.S.C. § 201 *et seq*.

4. Venue is proper because a substantial part of the acts and omissions giving rise to Plaintiff's claims occurred in Hot Springs, Arkansas. 28 U. S. C. § 1391(b)(2).

## II.   THE PARTIES

5. Plaintiff Jennifer Carradine worked as a hotel clerk for Defendants for approximately 10 years. She regularly worked in excess of 40 hours per week without receiving all the compensation she was due under the FLSA. Plaintiff Jennifer Carradine's FLSA consent is attached as Exhibit A.

6. The FLSA class of similarly situated employees consists of all current and former hotel clerks, including but not limited to, cleaners, front desk clerks, and maintenance workers, who were employed by Defendants during the three-year period preceding the filing of this Complaint. These similarly situated individuals are referred to as the "Members of the Class" or "the Class."

7. Defendant Monolith Properties Corp. is a domestic for-profit corporation with a principal place of business at 211 Fountain Street, Hot Springs, Arkansas 71901, which is engaged in commerce in the United States and is otherwise subject to the FLSA. Monolith employed Plaintiff and Members of the Class within the meaning of the FLSA. Monolith may be served with process by serving its Registered Agent, JoAnn Privitello at 211 Fountain Street, Hot Springs, Arkansas 71901.

8. Defendant Joann Privitello is the owner and a principal of Defendant Monolith and an individual residing in Arkansas. Privitello, upon information and belief, possessed control over Monolith's actual operations in a manner that directly relates to Plaintiff's employment and that of those similarly situated. Privitello directly affected employment-related factors such as workplace conditions and/or operations, personnel, and/or compensation, and by doing so regularly transacted within this district. Privitello may be served with process at 600 Central Avenue, Hot Springs, Arkansas 71901.

### III. BACKGROUND

9. The preceding paragraphs are incorporated by reference.

10. Defendants maintain and operate the Historic Park Hotel of Hot Springs and related Angel's Italian Restaurant located in the hotel in Hot Springs, Arkansas. Defendants employ other hotel staff, including front desk clerks, cleaners, and maintenance workers to assist with the day-to-day operation and maintenance of the hotel and restaurant.

11. Defendants' hotel clerks and hotel staff maintain the property and provide services to hotel guests, including scheduling/managing reservations, checking in and out customers, cleaning hotel rooms and lobby, answering phone calls, and providing maintenance services when needed. Upon information and belief, Plaintiff and Members of the Class regularly worked in excess of 40 hours per week. However, Defendants did not pay their hotel staff one and one-half times their regular rate for all hours in excess of 40 each week. Instead, Defendants only paid their hotel staff straight-time pay for the hours worked up to 40 and *less than* their regular rate for all hours worked over 40 in a workweek. Specifically, Plaintiff received a regular, hourly rate of $9.25 per hour and an "overtime rate" of $7.12 per hour for all hours worked in excess of 40 in a workweek. When Plaintiff asked why she was not being paid proper overtime compensation,

Defendants responded that the lower amount was "all they deserved." As a result, Defendants failed to properly compensate their employees under the FLSA.

### IV.     PLAINTIFF'S INDIVIDUAL ALLEGATIONS

*A.     Defendants Failed to Properly Pay Regular and Overtime Compensation.*

12.     The preceding paragraphs are incorporated by reference.

13.     Plaintiff worked for Defendants as a hotel clerk, performing various tasks to assist with the day-to-day operation of the hotel. During her employment, Plaintiff frequently worked seven consecutive days during a workweek. In a workweek, Plaintiff often worked approximately 55 hours or more.

14.     During Plaintiff's employment, Defendants paid her a set hourly rate for all hours worked up to 40 hours per work week. For the hours worked in excess of 40 hours per week, Defendants paid Plaintiff a lower rate, rather than 1.5 times her regular hourly rate.

15.     The FLSA and applicable regulations require that non-exempt individuals like Plaintiff and Members of the Class receive at least minimum wage for all hours suffered or permitted to work, as well as overtime compensation at a rate of 1.5 times their regularly hourly rate for all hours worked over 40 in a workweek. Defendants should have paid Plaintiff for 40 hours of regular pay and at least 15 hours or more of overtime compensation in a typical week, but Defendants failed to pay Plaintiff that amount.

16.     By failing to pay Plaintiff as described above, Defendants have deprived Plaintiff of a significant amount of regular and overtime compensation to which she is rightfully entitled.

*B.     Defendants Willfully Violated the FLSA.*

17.     The FLSA and Department of Labor regulations require that individuals receive at least minimum wage for all hours suffered or permitted to work. In addition, the FLSA and

Department of Labor regulations set forth the proper means for calculating and paying minimum wage and overtime compensation to non-exempt employees like Plaintiff. Defendants failed to follow these rules when paying Plaintiff.

18. Defendants have or had a policy and/or practice of not paying their employees for all of the regular time and overtime they worked each week at the proper rate. Defendants should have paid their employees their regular rate for all hours worked, and they should have paid their employees overtime compensation at 1.5 time their regular rates for all hours worked in excess of 40 hours per week. Although Plaintiff asked why they were not receiving overtime compensation at the proper rate, Defendants response was "that is all they deserved."

19. Defendants knew or have shown reckless disregard for the requirements of the FLSA with respect to compensation for Plaintiff.

## V. FLSA COLLECTIVE ACTION ALLEGATIONS UNDER 29 U.S.C. § 216(B)

20. The preceding paragraphs are incorporated by reference.

21. Plaintiff is aware that Defendants' illegal pay policies or practices have been imposed upon Members of the Class. Like Plaintiff, Members of the Class are employed by Defendant as hotel clerks, including but not limited to front desk clerks, cleaners, and maintenance workers, who performed the same duties as Plaintiff, as described above. As with Plaintiff, Members of the Class frequently worked substantial amounts of overtime that was not properly compensated in accordance with the FLSA.

22. Upon information and belief, the Members of the Class are/were also not properly paid for all hours suffered or permitted to work, as described above with regard to Plaintiff.

23. Defendants' failure to properly compensate Plaintiff and Members of the Class results, upon information and belief, from a generally applicable policy and/or practice.

Specifically, upon information and belief, it is a policy and/or practice of Defendants to pay their employees for less than all the overtime hours that such workers are suffered or permitted to work. As such, the Members of the Class are owed additional overtime compensation plus liquidated damages, attorneys' fees, and expenses for precisely the same reasons as Plaintiff.

24. Accordingly, the FLSA collective class of similarly situated plaintiffs is properly defined as:

> **All current and former hotel clerks, cleaners, front desk clerks, and maintenance workers, who were employed by Defendants during the three-year period preceding the filing of this complaint.**

25. Members of the Class should be notified of this lawsuit and given the opportunity to opt-in if they so desire.

26. Notice from this Court should be expedited to protect these workers from losing a portion of their damages due to the running of the statute of limitations.

## VI.   CAUSES OF ACTION

27. The preceding paragraphs are incorporated by reference.

28. As set forth above, Defendants violated the FLSA with respect to Plaintiff and Members of the FLSA Class by failing to pay at least minimum wage for all hours suffered or permitted to work in a week and by failing to properly compensate for overtime hours, as described above.  29 U.S.C. §§ 206, 207.

29. Plaintiff and Members of the Class are entitled to recover at least a minimum wage for all hours worked, as well as overtime compensation at one and one-half times their regular rates of pay for all hours worked in excess of 40 hours in a week.  29 U.S.C. §§ 206, 207, 216 (b).

30. In addition, Plaintiff and Members of the Class are entitled to liquidated damages in an amount equal to their unpaid wages, including overtime wages.  29 U.S.C. § 216(b).

31. Moreover, Plaintiff and Members of the Class are entitled to reasonable attorneys' fees and costs. *Id.*

## VII. JURY DEMAND

32. Plaintiff demands a jury trial. Any required jury fee has been or will be timely paid.

## PRAYER

WHEREFORE, Plaintiff requests that this Court enter final judgment against Defendants Monolith Properties Corp. and Joann Privitello:

1. damages for the full amount of unpaid wages due under the FLSA in favor of Plaintiff and Members of the Class;

2. damages for the full amount of unpaid overtime compensation due under the FLSA in favor of Plaintiff and Members of the Class;

3. an amount equal to unpaid wages, including unpaid overtime compensation, as liquidated damages pursuant to 29 U.S.C. § 216 in favor of Plaintiff and Members of the Class;

4. reasonable attorneys' fees, costs and expenses of this action;

5. pre-judgment and post-judgment interest at the highest rate allowed by law; and

6. such other and further relief as may be allowed by law.

DATED this 20th day of May 2019.

Respectfully submitted,

By: /s/ Robert W. Cowan
Robert W. Cowan
Texas Bar No. 24031976
Katie R. McGregor
Texas Bar No. 24098079
*(pro hac vice to be requested)*
BAILEY COWAN HECKAMAN PLLC
5555 San Felipe St., Suite 900
Houston, Texas 77056
Phone: 713-425-7100
Fax: 713-425-7101
rcowan@bchlaw.com

kmcgregor@bchlaw.com

*Attorneys for Plaintiff*